IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. TOTH                                                      PLAINTIFF

V.                            NO. 11-3107

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration            DEFENDANT

## MEMORANDUM OPINION

      Plaintiff, Michael S. Toth, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits. (Doc. 1). The Defendant filed an answer to Plaintiff's action on March 26, 2012, asserting that Plaintiff has not shown that an award of benefits or a remand is warranted under section 205(g) of the Social Security Act, 42 U.S.C. §405(g). (Doc. 7).

      On March 27, 2012, the transcript of the social security proceedings was filed. On April 12, 2012, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings "to obtain vocational expert testimony to determine the effect of Plaintiff's manipulative limitations on the sedentary occupational base." (Doc. 8 at p. 2). On April 26, 2012, Plaintiff responded to Defendant's motion, requesting that the Court grant Defendant's motion. (Doc. 9).

      The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A

remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, the Court finds remand appropriate and grants the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 30th day of April, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE